IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MARITZA VALLE-ARCE,
    **Plaintiff**,

        **v.**

PUERTO RICO PORTS AUTHORITY,
    **Defendant**.

CIVIL NO. 07-2071 (FAB)

**OPINION AND ORDER**[1]

BESOSA, District Judge

Before the Court is defendant Puerto Rico Port Authority's ("PRPA") motion for partial dismissal for failure to exhaust the administrative remedies. (Docket No. 33)  Plaintiff, Maritza Valle-Arce ("Valle-Arce") opposed the motion. (Docket No. 38)  For the reasons discussed below, the Court hereby **DENIES** PRPA's motion.

**FACTUAL AND PROCEDURAL BACKGROUND**

On March 19, 2007, Valle-Arce filed a Charge of Discrimination based on disability against her employer, PRPA, with the Equal Employment Opportunity Commission ("EEOC"). (See Docket No. 33-3)  In the charge, Valle-Arce claimed that she had requested reasonable accommodations in October 2006, which to that date had not been granted. (Id.)  On March 20, 2007, PRPA approved Valle-Arce's petition for some of the requested accommodations. (Docket No. 1)  On March 26, 2007, Valle-Arce wrote to PRPA requesting approval of some of the accommodations that had not been granted. (Docket

---

[1] Whitney L. Meier, a second-year student at Georgetown University Law Center, assisted in the preparation of this opinion.

Civil No. 07-2071 (FAB)                                                     2
_____

No. 1)  On the same day, PRPA received notice of the Charge of Discrimination from the EEOC.  (Docket No. 33)  On July 24, 2007, PRPA fired Valle-Arce purportedly for using confidential employee information and personal use of her work computer.  (Docket No. 1)  On August 31, 2007, Valle-Arce received notice of the right to sue from the EEOC.  (Id.)  On October 3, 2007, Valle-Arce filed a second Charge of Discrimination with the EEOC against PRPA in which she claimed that PRPA retaliated against her for filing the first request for reasonable accommodations with the EEOC.  (Docket No. 33-5).  On November 8, 2007, Valle-Arce filed a complaint against PRPA in this Court seeking damages for a violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq*.

## DISCUSSION

### I. Exhaustion of Administrative Remedies

The ADA requires an aggrieved employee to exhaust administrative remedies, as specified in Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, before a federal court can hear alleged violations.  Bonilla v. Muebles J.J. Alvarez, Inc., 184 F.3d 275, 277 (1st Cir. 1999).  The administrative charge acts as "a jurisdictional springboard to investigate whether the employer is engaged in any discriminatory practices." Fantini v. Salem State Coll., 557 F.3d 22, 27 (1st Cir. 2009) (quoting EEOC v. General Electric Co., 532 F.2d 359, 364 (4th Cir. 1976))

Civil No. 07-2071 (FAB)                                                        3

(internal quotation marks omitted).  "The purpose of the requirement is to provide the employer with prompt notice of the claim and to create an opportunity for early conciliation." Lattimore v. Polaroid Corp., 99 F.3d 456, 465 (1st Cir. 1996); see Powers v. Grinnell Corp., 915 F.2d 34, 37 (1st Cir. 1990). Administrative remedies have been exhausted once a charge has been filed with the EEOC and the employee has received a right to sue letter.  See e.g., Francesi v. U.S. Dept. of Veteran's Affairs, 514 F.3d 81, 85 (1st Cir. 2008); Jorge v. Rumsfeld, 404 F.3d 556, 564 (1st Cir. 2005).  An employee's failure to proceed accordingly "effectively bars the courthouse door."  Jorge, 404 F.3d at 564.

The breadth of the civil complaint is "limited by the charge filed with the EEOC and the investigation that can reasonably be expected to grow out of that charge."  Powers, 915 F.2d at 38 (quoting Less v. Nestle Co., 705 F.Supp. 110, 112 (W.D.N.Y. 1988)); see Jorge, 404 F.3d at 565 ("[T]he complaint must bear some close relation to the allegations presented to the agency.").  Although the "administrative charge is not a blueprint for the litigation to follow," plaintiffs cannot piggyback entirely new claims onto a subsequent civil case.  Fantini, 557 F.3d at 22 (quoting Powers, 915 F.2d at 38-39); see Lattimore, 99 F.3d at 464.  The limitation prevents plaintiffs from surprising employers and depriving them of the opportunity to attempt reconciliation outside of court.  See Lattimore, 99 F.3d at 464.

Civil No. 07-2071 (FAB)                                                          4

**II.  Denial of Reasonable Accommodations**

    **A.   Charge of Discrimination of March 19, 2007**

PRPA alleges that Valle-Arce never averred before the EEOC that she was denied reasonable accommodations and therefore cannot bring that claim before this Court. Valle-Arce's discussion of her pending request for reasonable accommodations in the EEOC charge, however, falls within the range of what the First Circuit Court of Appeals has considered sufficient averment. For example, in Fantini, "one passing mention of gender discrimination in the last paragraph of a five page attachment" to the administrative complaint was found sufficient for gender discrimination to be encompassed by the complaint and therefore actionable in federal court. 557 F.3d at 27-28. Valle-Arce alleged in her May 19, 2007 EEOC Charge of Discrimination that she had requested accommodations in October 2006, which had not been granted (as of the date she filed her complaint). (Docket No. 33-3) Her request for the EEOC to evaluate her prior inquiry for accommodations made clear that many of her concerns revolved around whether her accommodations request was going to be granted. The discussion of the failure to grant accommodations was a more substantial portion of the charge to the EEOC than the passing mention in Fantini. Valle-Arce therefore appropriately alleged a denial of accommodations, at least up to that point in time. Thus, she exhausted the administrative remedies as to her claim that she was denied

reasonable accommodations once she received the right to sue letter.

**B.   Request for Accommodations of March 26, 2007**

PRPA mistakenly assumes that its approval of Valle-Arce's requests on March 20, 2007, before receiving notice of the charge from the EEOC, ends the inquiry into whether Valle-Arce averred a denial of reasonable accommodations.  Valle-Arce's subsequent request for some "indispensable" accommodations on March 26, 2007, and PRPA's alleged failure to grant them are evidence within the scope of the investigation that would reasonably arise out of the administrative charge.  Denial of reasonable accommodations was an important issue in the EEOC Charge of Discrimination requiring investigation.  Further, PRPA had prompt notice of Valle-Arce's grievances and the opportunity to reconcile with her.

Valle-Arce's request for additional accommodations comes within the scope of a reasonable administrative investigation. Once the Court determines which issues are "at the very heart of the administrative charge," all evidence relevant to those issues "reasonably could be expected to have come under administrative investigation." Powers, 915 F.2d at 39.  In making this inquiry, courts are guided by the dual purposes of the exhaustion framework: providing defendants with prompt notice of the claims against them and creating an opportunity for conciliation.  See Clockedile v. N.H. Dept. of Corrections, 245 F.3d 1, 5 (1st Cir. 2001); Gonzalez-

Civil No. 07-2071 (FAB)                                                    6

Rodriguez v. Potter, 605 F.Supp 2d 349, 362 (D.P.R. 2009).  As discussed above, denial of accommodations was one of the issues at the heart of Valle-Arce's administrative charge.  PRPA may have granted some of those accommodations, but the subsequent entreaty of March 26, 2007, indicates that not all desired accommodations were granted.  The request is relevant evidence of the alleged failure to accommodate contained in the original administrative charge.  Further, PRPA had prompt notice of the allegations and Valle-Arce's dissatisfaction with the granted accommodations when it received the EEOC charge and request for additional accommodations on the same day.  PRPA had the opportunity to reconcile if it so wished.  Valle-Arce's claim that she was denied reasonable accommodations is therefore within the scope of the investigation that could reasonably be expected to arise out of the Charge of Discrimination.  Thus, the claim is appropriately before this Court after an exhaustion of administrative remedies.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** PRPA's motion for partial dismissal for failure to exhaust administrative remedies as to the alleged denial of reasonable accommodations.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, July 9, 2009.

                                         s/ Francisco A. Besosa
                                         FRANCISCO A. BESOSA
                                         UNITED STATES DISTRICT JUDGE